Charles H. Babcock, Alleged Donee and Transferee v. Commissioner. Safe Deposit and Trust Company of Baltimore, Alleged Trustee and Transferee v. Commissioner.
Charles H. Babcock v. Commissioner
Docket Nos. 110091, 110092.
United States Tax Court
1945 Tax Ct. Memo LEXIS 301; 4 T.C.M. (CCH) 202; T.C.M. (RIA) 45062; February 9, 1945
*301 John H. Alexander, Esq., 120 Broadway, New York, N. Y., for the petitioners. Chas. P. Reilly, Esq., for the respondent. KERN Memorandum Findings of Fact and Opinion KERN, Judge: These cases involve deficiencies in Federal gift taxes determined by respondent in the amount of $1,537.50. The sole issue is whether petitioners' liabilities for this tax are barred by the statute of limitation, and this issue depends upon whether petitioners are transferees within the meaning of section 1025 (b), I.R.C. The facts were stipulated and are as follows: [The Facts] 1. The petitioner Charles H. Babcock (hereinafter sometimes called "Mr. Babcock") is an individual and is the husband of Mary Reynolds Babcock (hereinafter sometimes called the "Donor"). Both Mr. Babcock and the Donor are citizens of the United States and reside at Greenwich, Connecticut. 2. The petitioner Safe Deposit and Trust Company of Baltimore (hereinafter sometimes called the "Trust Company") is a corporation organized and existing under and by virtue of the laws of the State of Maryland, and has its principal office at No. 13 South Street, in the City of Baltimore, State of *302 Maryland. 3. On March 15, 1937, the Donor filed with the collector of Internal Revenue at Hartford, Connecticut, a federal gift tax return for 1936 in which she reported three gifts at an aggregate value of $914,437.50, claimed three exclusions of $5,000 each, and claimed a specific exemption of $40,000, leaving $859,437.50 as the amount of net gifts reported for 1936, on which she reported and paid a tax of $136,377.66. 4. On March 12, 1938, the Donor filed with the Collector of Internal Revenue at Hartford. Connecticut, a federal gift tax return for 1937 in which she reported two gifts at an aggregate value of $286,435.75, and claimed two exclusions of $5,000 each, leaving $276,435.75 as the amount of net gifts reported for 1937, on which she reported and paid a tax of $63,181.92. 5. The three gifts made by the Donor in 1936 and reported in her 1936 federal gift tax return were all gifts in trust. The two gifts made by the Donor in 1937 and reported in her 1937 federal gift tax return were (1) a transfer by way of gift to Charles H. Babcock (petitioner in Doc. 110091) of certain assets of an aggregate fair market value of $29,211.48, and (2) a transfer to Safe Deposit and Trust *303 Company of Baltimore (petitioner in Doc. 110092), by way of gift in trust primarily for the benefit of Betsy Main Babcock, of certain assets of an aggregate fair market value of $257,224.27. 6. The Commissioner audited the 1936 and 1937 gift tax return of the Donor and on February 21, 1939, mailed to her a "30 day" letter, covering the years 1936 and 1937, in which he determined that she had made four gifts in 1936 instead of three and had made three gifts in 1937 instead of two, that the value of the unreported fourth gift in 1936 was $100,000 and the value of the unreported third gift in 1937 was $41,666.66, and that she was entitled to four exclusions of $5,000 each for 1936 and to three exclusions of $5,000 each for 1937. On the basis of these findings the "30 day" letter of February 21, 1939, disclosed an additional gift tax liability of $20,662.50 for 1936 and an additional gift tax liability of $10,937.50 for 1937. A copy of said "30 day" letter dated February 21, 1939, is attached hereto as Exhibit "1-A." On October 9, 1939, the donor consented in writing to the assessment of said additional gift tax for 1936 and 1937 and on or about November 8, 1939, paid said additional *304 taxes, with interest thereon, to the Collector of Internal Revenue at Hartford, Connecticut, assessment having been made on October 23, 1939. 7. Except as set forth in paragraph numbered 6 above, no notice of deficiency with respect to additional gift tax liability for the year 1936 or the year 1937 has ever been sent to the Donor, nor have any assessments of additional gift taxes for said years been made nor have any requests or demands for payment of additional gift taxes for said year or years been made upon the Donor except as stated in paragraph 6 above. The Donor has not consented to any extension of time within which any additional tax might be assessed or collected. 8. The Donor has at all times been financially able to satisfy any gift tax liabilities with respect to the gifts made by her in the year 1937. 9. By statutory deficiency notice dated December 10, 1941 (Exhibit "A" attached to petition in Doc. 110092) addressed to the Trust Company by the respondent, there was determined for assessment against it the amount of $1,537.50, plus interest, as provided by law, stated in said letter to constitute its liability, as Trustee and Transferee of property of the Donor, *305 for gift tax for the calendar year 1937. By a similar statutory deficiency notice dated the same date (Exhibit "A" attached to petition in Doc. 110091) addressed to Mr. Babcock, there was determined for assessment against him the amount of $1,537.50, plus interest, as provided by law, stated in said letter to constitute his liability, as Donee and Transferee of property of the Donor, for gift tax for the calendar year 1937. 10. The Commissioner's determination of the deficiency of $1,537.50 set forth in his letters of December 10, 1941, to the petitioners herein is based on the finding that the three gifts in trust made by the Donor in 1936 and the one gift in trust made by the Donor in 1937 were all gifts of future interests, as to which no exclusions are allowable, and since the Donor had been allowed three exclusions of $5,000 each instead of two for 1937 and, in computing the net gifts for preceding years, had been allowed four exclusions of $5,000 each instead of one for 1936, her gift tax liability for 1937 had been computed (in the "30 day" letter dated February 21, 1939) on total net gifts of $1,267,539.91, whereas her gift tax liability for 1937 should have been computed *306 on total net gifts of $1,287,539.91. The asserted deficiency of $1,537.50 for 1937 results from the $20,000 increase in total net gifts. 11. Except as stated in paragraph 9 above, no notice of deficiency with respect to additional gift tax liability of the Donor for the year 1937 has ever been sent to Mr. Babcock or the Trust Company and no assessment of any additional gift tax of the Donor for said year has ever been made against Mr. Babcock or the Trust Company, and no request or demand for payment of any additional gift tax of the Donor for said year has ever been made on Mr. Babcock or the Trust Company. Neither Mr. Babcock nor the Trust Company has consented to any extension of time within which such additional tax might be assessed or collected. 12. The total deficiency in gift tax claimed by the Commissioner in these proceedings is $1,537.50. It is agreed that if either Mr. Babcock or the Trust Company or both should be held to be liable in these proceedings the payment of said deficiency by either shall satisfy the liability of both. On the authority of Moore v. Commissioner, 146 Fed. (2d) 824, (CCA 2, January 18, 1945); Baur v. Commissioner, 145 Fed. (2d) 338; *307 and Fletcher Trust Co. v. Commissioner, 141 Fed. (2d) 36. Decision will be entered for the respondent.